UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LUCA GUARAGNO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:09-CV-187-O |
| | § | |
| CARRIE LYNN GUARAGNO, | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge (ECF No. 102) filed in accordance with 28 U.S.C. § 636(b)(1), Petitioner's Objections (ECF No. 103), Respondent's Objection (ECF No. 104), and Respondent's Objections and Reply to Petitioner's Objections (ECF No. 105). After reviewing all relevant matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. Petitioner's Motion for Attorney's Fees and Costs (ECF No. 79) is hereby **GRANTED in part** and **DENIED in part**.

### I. Background

Petitioner, Luca Guaragno, filed suit against Respondent, Carrie Lynn Guaragno, on December 8, 2009, pursuant to The Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11603. *See* Compl. 1, ECF No. 6. Petitioner sought return of his minor son, alleging that Respondent, the child's mother, wrongfully removed the child from Italy to the United States. Following a bench trial, the Court found that the child was wrongfully removed from his habitual residence in Italy and

-1-

ordered that he be returned to Petitioner's custody. Findings of Fact and Conclusions of Law 13 & 16, ECF No. 77.

Petitioner filed a Motion for Attorney Fees and Costs (ECF No. 79) on June 1, 2010. Petitioner seeks to recoup from the Respondent $205,658.96 for legal fees and expenses incurred during the course of these proceedings, citing to ICARA, 42 U.S.C. § 11607(b)(3). This Court referred the motion to Magistrate Judge Roach (ECF No. 97) for hearing, if necessary, and determination or recommendation.

The Magistrate Judge recommends that the District Court enter an order granting in part and denying in part Petitioner's Motion for Attorney's Fees and Costs, assessing the sum of $67,000.00 against Respondent pursuant to 42 U.S.C. § 116078(b)(3) and the Hague Convention. Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge.

## II. Discussion

Under ICARA, "[a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, . . . , and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). Petitioner brought this action pursuant to 42 U.S.C. § 11603 seeking the return of his child. This Court ordered the child be returned to Petitioner's custody. Thus, Petitioner is entitled to an award of necessary expenses including court costs and legal fees unless Respondent establishes that such an award "would be clearly inappropriate." *See* 42 U.S.C. § 11607.

A.      Petitioner's Objections

Petitioner objects to certain portions of the Magistrate Judge's Findings and Conclusions ("FCR"), including: (1) the court's inadvertent use of "father" instead of "mother" on page 4 of the FCR, the inadvertent use of "Respondent" instead of "Petitioner" on page 8 of the FCR, and the Magistrate Judge's specific finding that Petitioner "physically abused" Respondent. Pet'r's Obj. 1-2, ECF No. 103. Petitioner argues that the District Court "heard extensive evidence regarding both Petitioner's allegations that it was the Respondent who instigated and perpetrated such acts upon him and Respondent's claims that Petitioner was to blame for the couple's altercations." Pet'r's Obj. 1, ECF No. 103.

Acts of family violence perpetrated by a parent is an appropriate consideration in assessing fees in a Hague case. *Silverman v. Silverman*, No. 00-2274, 2004 WL 206778, 2004 U.S. Dist. LEXIS 18439, at *13 (D. Minn. Aug. 26, 2004). This Court heard evidence concerning alleged abuse by the father at the trial and determined as follows:

> In this case there was evidence of a stormy relationship between the Petitioner and Respondent. Both Petitioner and Respondent were at times verbally abusive of one another. There was evidence that Respondent had suffered serious injuries to her feet as a result of becoming entangled with the Petitioner's car as he backed down the driveway. There was evidence that Respondent had suffered bruising to her arm as a result of a dispute over whether Respondent had Petitioner's wallet. However, there was no evidence that Petitioner ever abused, either physically or psychologically, [the child] or that he ever threatened or intended to do so.

FCR 5, ECF No. 102. This Court further concluded that "[w]hile there is evidence that Petitioner has harmed Respondent in the past and did not treat her appropriately, the risk of harm she may face by reconciling with Petitioner does not extend to [the child]'s reconciliation with Petitioner." Findings of Fact and Conclusions of Law 14, ECF No. 77

Based on these findings, the Magistrate Judge concluded that "the husband's physical abuse

of his wife, though not a deciding factor as to the Court's order for the return of the child to Italy, is a significant factor in the determination of the assessment of fees and expenses. The mother was faced with a cruel dilemma, whether to continue to receive the physical and mental abuse from the father of their child, or retreat and suffer the separation from the child." FCR 5, ECF No. 102. The Magistrate Judge's findings regarding physical abuse are consistent with this Court's findings and support the reduction of the requested amount of fees and expenses. Therefore, the Magistrate Judge did not err in considering physical abuse in determining the assessment of fees and expenses.

B.     Respondent's Objections

Respondent filed pro se objections to the Magistrate Judge's Findings asserting, among other things, that she was "unaware of and did not participate in any decisions or preparation leading up to or during the telephonic hearing on 6 Oct 10" held before Magistrate Judge Roach. Resp't Obj 1, ECF No. 104. Respondent alleges that the Magistrate Judge relied on statements in Petitioner's Response to Respondent's Memorandum in Opposition to Petitioner's Legal Fees and Expenses that were "inflammatory", "grossly mischaracterized", and "just plain false statements". *Id*. Specifically, Respondent objects to: (1) Petitioner's allegation that she "abducted" the child and was in possession of some $200,000 in funds on deposit in accounts in her name; (2) Petitioner's allegations regarding Respondent's mental illness, (3) Petitioner's allegation that Respondent terrorized Petitioner and Respondent's two biological daughters; (4) Petitioner's representations that Respondent made statements in state court that she was moving to Virginia to work and has secured employment there; and (5) Petitioner's allegation that Respondent is delinquent and in contempt for failure to pay court ordered child support payments." *Id.* at 1-2. Respondent also alleges that Petitioner "is currently 4 months behind in paying court ordered child support" and has denied

Respondent from having any relationship with her son. *Id.*

The Magistrate Judge considered three factors in determining the appropriate amount of fees and expenses to award in this case, including: (1) family violence, (2) financial ability, and (3) the failure of the requesting party to pay child support pending the return of the child. FCR 4-7, ECF No. 102; *see also Silverman*, 2004 U.S. Dist. LEXIS 18439, at *13 (holding acts of family violence perpetrated by a parent is an appropriate consideration in assessing fees in a Hague case); *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (holding a removing party's financial status is an appropriate consideration in assessing fees); *Whallon v. Lynn*, 356 F.3d 138, 141 (1st Cir. 2004) (finding that the failure of the requesting party to pay child support pending the return of the child as an appropriate consideration in assessing fees).

As for Respondent's objection regarding her financial ability, the Magistrate Judge concluded that Respondent "does not have the financial resources available now or reasonably in the near future to adequately provide for the support of her remaining child and herself and to respond **fully** to the financial demands of the father." FCR 6, ECF No. 102 (emphasis in original). The Magistrate Judge also concluded that "it is apparent that during the time when the couple was separated from each other, the father did not continue to provide financial support (court-ordered child support or otherwise) for the child either directly or indirectly through the mother or any third party or agency, except to the extent he permitted the mother to continue to reside in the couple's house without payment of rent." FCR 6, ECF No. 102. The Magistrate Judge did not rely on any of the alleged inflammatory statements objected to by Respondent in determining the appropriate amount of legal fees and expenses. Therefore, Respondent's objections on this basis are overruled.

Respondent also requests that the Court dismiss the costs motion because the "Plenary Period

Respondent from having any relationship with her son. *Id.*

The Magistrate Judge considered three factors in determining the appropriate amount of fees and expenses to award in this case, including: (1) family violence, (2) financial ability, and (3) the failure of the requesting party to pay child support pending the return of the child. FCR 4-7, ECF No. 102; *see also Silverman*, 2004 U.S. Dist. LEXIS 18439, at *13 (holding acts of family violence perpetrated by a parent is an appropriate consideration in assessing fees in a Hague case); *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (holding a removing party's financial status is an appropriate consideration in assessing fees); *Whallon v. Lynn*, 356 F.3d 138, 141 (1st Cir. 2004) (finding that the failure of the requesting party to pay child support pending the return of the child as an appropriate consideration in assessing fees).

As for Respondent's objection regarding her financial ability, the Magistrate Judge concluded that Respondent "does not have the financial resources available now or reasonably in the near future to adequately provide for the support of her remaining child and herself and to respond **fully** to the financial demands of the father." FCR 6, ECF No. 102 (emphasis in original). The Magistrate Judge also concluded that "it is apparent that during the time when the couple was separated from each other, the father did not continue to provide financial support (court-ordered child support or otherwise) for the child either directly or indirectly through the mother or any third party or agency, except to the extent he permitted the mother to continue to reside in the couple's house without payment of rent." FCR 6, ECF No. 102. The Magistrate Judge did not rely on any of the alleged inflammatory statements objected to by Respondent in determining the appropriate amount of legal fees and expenses. Therefore, Respondent's objections on this basis are overruled.

Respondent also requests that the Court dismiss the costs motion because the "Plenary Period

had expired prior to the hearing on 6 October 2010." Resp't Obj. 1, ECF No. 104. The Court construes this as an objection to the motion's timeliness. Petitioner must apply for an award of attorney's fees within 14 days after the judgment is entered.[1] Fed. R. Civ. P. 54(d)(2)(B)(i). The Court entered its Findings of Fact and Conclusions of Law on May 18, 2010. *See* ECF No. 77. Petitioner filed its Motion for Attorney Fees and Costs on June 1, 2010, 14 days after the entry of judgment. Therefore, the Court finds that Petitioner's motion is timely and Respondent's objection is overruled.

C.  Respondent's Attorney's Objections

Respondent's attorney raises three objections to the Magistrate Judge's findings and recommendations, and requests that the Court downwardly modify the fee award. *See* Resp't Obj. and Reply to Pet'r's Obj. 3, ECF No. 105. Respondent's attorney's objections include: (1) the Magistrate Judge's finding that Petitioner only globally challenged the reasonableness and documentation of the Petitioner's costs, rather than individually, (2) the Magistrate Judge's determination that "transcription fees" in the amount of $8,702.47 were reasonable and necessary, and (3) the Magistrate Judge's findings regarding the complexity of the case. Resp't Obj. and Reply to Pet'r's Obj. ("Resp't Obj.") 1-3, ECF No. 105. Respondent's attorney also provides an additional

---

[1] Other Hague cases calculate the timeliness of motions for attorney's fees and costs based on local rules governing attorney's fees. Because the Northern District of Texas does not have a local rule governing motions for attorney's fees, the Court bases its calculation of timeliness on Federal Rule of Civil Procedure 54(d). *But cf.* L.R. 54.1 (local rule governing time for filing bill of costs, which is 14 days after the clerk enters the judgment on the docket); *see Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (using local rule governing attorney's fees to determine timeliness of motion for attorneys' fees and costs in ICARA suit)*;Vale v. Avila*, No. 06-cv-1246, 2008 U.S. Dist. LEXIS 101719, at * 2-3 (C.D. Ill. Dec. 17, 2008) (calculating timeliness of motion for attorney fees in ICARA case based on local rule governing requests for attorney fees); *Silverman*, 2004 U.S. Dist. LEXIS 18439, at *8-9 (calculating timeliness of motion for attorney's fees based on local rule governing attorney's fees).

reason for denying Petitioner's request for the Italian counsel's services, even though the Magistrate Judge concluded that such fees should be denied.

In his motion for attorney's fees, Petitioner requests "[t]ranslator trial fees and costs in the amount of $3,788.75" and "[f]oreign documents translation fees and costs in the amount of $8,702.47." Pet'r Mot. for Att'y Fees and Costs 2, ECF No. 79. The Magistrate Judge concluded that "translator fees of $3,788.75, were reasonably and necessarily incurred and adequately documented." FCR 10, ECF No. 102. The Magistrate Judge also concluded "that the document transcription fees of $8,702.47 were reasonably and necessarily incurred and adequately documented." FCR 10, ECF No. 102.

Respondent's attorney objects to the finding of "transcription fees" in the amount of $8,702.47 on the basis that Petitioner requested foreign document "translation fees" in this amount, not transcription fees. Resp't Obj. 2, ECF No. 105. Respondent's attorney further argues that the "court cannot order Respondent to pay the costs of translating documents not introduced into evidence". Pet'r Obj. 2, ECF No. 105. In support of this argument, Respondent's attorney cites to *Rydder v. Rydder,* 49 F.3d 369 (8th Cir. 1995). In *Rydder*, the Eighth Circuit reversed the district court's award of attorney's fees, reducing the amount awarded from $18,487.42 to $10,000. The court in *Rydder* makes no mention of translation or transcription fees. *See Rydder*, 49 F.3d at 373-74. The Court found no such restriction on attorney's fees in ICARA cases upon its own research. *Cf. Blanc v. Morgan*, 721 F. Supp. 2d 749, 768 (W.D. Tenn. 2010) (awarding attorney's fees and finding "[t]he remaining expenses listed in the itemization all appear to be for translation services, process servers, and other incidental expenses contemplated by § 11607(b)(3)."); *Neves v. Neves*, 637 F.Supp.2d 322, 343-44 (W.D.N.C. 2009) (awarding "translation costs" in the amount of

$191.25); *Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800, 816-17 (N.D. Iowa 2003) (awarding translation costs of $717.75, including a translator for trial); *Friedrich v. Thompson*, No. 1:99cv00772, 1999 U.S. Dist. LEXIS 21303, at *8 (M.D.N.C. Nov. 26, 1999) (awarding non-legal expenses for translation of documents from German to English). Therefore, Respondent's attorney's objection on this basis is overruled.

Respondent's attorney also objects to the award of "transcription fees" on the basis of inadequate evidence or documentation to support the alleged sums paid. Resp't Obj. 2, ECF No. 105. As evidence of "foreign documents translation fees and costs", Petitioner provides email correspondence from "guarax72@gmail.com" to Elizabeth Bates and Laura Dale stating: "The amount I had to spend for translations is 7100 euros. The company is: TRADUCIAMO.IT s.r.l V.le Sarca, 336, Edificio 16, 20126 Milano (Mi) Tel. 02/64741415, Fax 02/64741490, E-mail: team@traduciamo,it, Site: http://www.traduciamo.it". Pet'r's Obj. Exh. F, ECF No. 79-6. Though sparse, the Court finds that the requested amount of translation fees and costs were reasonably and necessarily incurred and adequately documented, absent any counterveiling evidence or authority to the contrary. However, the Court orders that Petitioner submit to Respondent and file on the docket an invoice or billing statement reflecting the amount requested for foreign document translation fees and costs **no later than thirty days** from the date of this Order. Therefore, Respondent's attorney's objection is overruled and Petitioner is awarded $8,702.47 for foreign document translation fees and costs, conditioned upon its submittal of the invoice or billing statement.

Lastly, Respondent's attorney objects to the Magistrate Judge's finding that the case was "complex in terms of its proof logistics involving a foreign language and location of parties,

witnesses and documents" and requests that the Court downwardly modify the counsel fee award. Resp't. Obj. 2, ECF No. 105. Referring to the cases cited by the Magistrate Judge, Respondent's attorney argues that the recommended fee award is not in line with the case law on this subject. *See Silverman*, 2004 U.S. Dist. LEXIS 18439, at *15 (where the court found that petitioner's request of $65,795.05 was a "startling" high sum); *Whallon,* 2003 U.S. Dist. LEXIS 6501, at *6 (noting that the requested fee of $64,866.17 was "startlingly high"), *aff'd* 356 F.3d 138 (1st Cir. 2004). The Magistrate Judge further noted that "[t]he *Whallon* case is the only case that the Court was able to uncover in which a sum even approaching $60,000 was requested." *See* FCR 7, ECF No. 102 (citing to *Berendsen v. Nichols,* 938 F. Supp. 737 (D. Kan. 1996) (reducing award from $11,651.84 to $5,840.15); *Freier v. Freier,* 985 F. Supp. 710 (E.D. Mich. 1997) (reducing award from just over $30,000 requested to $15,737.07; *Whallon*, 2003 U.S. Dist. LEXIS 6501, at *13 (requested fee was over $60,000 and court awarded just over $22,000)).

Here, being fully informed of the above-referenced case law, the Magistrate Judge concluded that the sum of $67,000.00 is an appropriate assessment of fees in this case. The Magistrate Judge reviewed the written submissions of the parties and heard and considered the evidence and arguments of counsel on the reasonableness and necessity of each of the seven elements of the father's demand. *See* FCR 7, ECF No. 102. In addition, the Magistrate Judge "parsed the Respondent's counsel's fee billing statements, the summaries of Italian counsel's billing statements, and the travel expense vouchers, translator and expert witness billings, all in the light of the Respondent's counsel's objections and Respondent's Affidavit". FCR 8, ECF No. 102. Therefore, the Court does not disturb the Magistrate Judge's findings regarding the complexity of the case or the amount of fees and costs to award.

## III. Conclusion

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 102), Petitioner's Objections thereto (ECF No. 103), Carrie Lynn Guaragno's Objections thereto (ECF No. 104), and Respondent's Objections and Reply to Petitioner's Objections (ECF No. 105), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court.

Accordingly, Petitioner's Motion for Attorneys Fees and Costs is **GRANTED in part** and **DENIED in part**. It is hereby **ORDERED** that Respondent pay Petitioner in the amount of $67,000 for attorney fees and costs, with interest accruing at six percent per year compounded annually from the date of this order until paid.

**SO ORDERED** on this **11th** day of **January, 2011.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**